# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

October 8, 2021

*Via ECF*
Honorable Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*ABE et al. v SEYAK CORP. d/b/a Restaurant Yamaguchi et al., 20-cv-05631*

Dear Judge Shields:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

**I.   Background**

Plaintiff HISAMI ABE was employed by Defendants SEYAK CORP. d/b/a Restaurant Yamaguchi and AKIRA YAMAGUCHI, and YASUKO YAMAGUCHI, (collectively, "Defendants"),

This lawsuit was originally filed on November 18, 2020, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and

Hon. Anne Y. Shields
Page 2

truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Sixty Thousand Dollars ($60,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that she was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of her employment, the nature of her work, the hours she worked, and the pay she received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff HISAMI ABE claimed that she worked approximately forty-six (45.5) hours on average each week from May 01, 2019 to March 22, 2020; and she was paid Four Dollars ($4.00) per hour from May 01, 2019 to January 05, 2020.

Plaintiff HISAMI ABE's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Twelve Thousand Three Hundred Forty-One Dollars And Eighty-Seven Cents ($12,341.87) and her minimum wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was Twenty-Four Thousand Two Hundred Twenty-Five

2733611v1

Case 2:20-cv-05631-GRB-AYS   Document 30   Filed 10/30/21   Page 3 of 4 PageID #: 165

Hon. Anne Y. Shields
Page 3

Dollars And Ten Cents ($24,225.10). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Four Thousand Forty Dollars And Seven Cents ($4,040.07) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Sixty-Two Thousand Four Hundred Ninety Dollars And Twenty-Six Cents ($62,490.26).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Sixty Thousand Dollars ($60,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked, and amount of compensation.

Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). As such, Plaintiff's double calculation of compensatory damages under FLSA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that a Plaintiff is not entitled to both FSLA and NYLL damages because the statutes serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

In addition, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that it had reasonable grounds to believe that its act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Sixty Thousand Dollars ($60,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Eight Hundred Thirty-Two Dollars And Twelve Cents ($832.12). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Fifty-Nine Thousand One Hundred Sixty-Seven Dollars And Eighty-Eight Cents ($59,167.88).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of One Thousand One Hundred Thirty-Two Dollars And

2733611v1

Hon. Anne Y. Shields
Page 4

Twelve Cents ($1,132.12). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Fifty-Eight Thousand Eight Hundred Sixty-Seven Dollars And Eighty-Eight Cents ($58,867.88).

Of the Net Settlement Amount, One Third (1/3), or Nineteen Thousand Six Hundred Twenty-Two Dollars And Sixty-Three Cents($19,622.63), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand One Hundred Thirty-Two Dollars And Twelve Cents ($1,132.12) for a total of Twenty Thousand Seven Hundred Fifty-Four Dollars And Seventy-Five Cents ($20,754.75). Of the Net Settlement Amount, Two Thirds (2/3), or Thirty-Nine Thousand Two Hundred Forty-Five Dollars And Twenty-Five Cents ($39,245.25) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **MORITT HOCK & HAMROFF LLP** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| /s/ Tiffany Troy | |
| Tiffany Troy | |
| /s/ John Troy | *Matthew S. De La Torre* |
| John Troy, Esq. | Matthew S. De La Tore, Esq. |
| 41-25 Kissena Blvd., Suite 103 | 400 Garden City Plaza, 2nd Floor |
| Flushing, NY 11355 | Garden City, New York 11530 |
| Tel.: 718 762 1324 | Tel: (516) 873-2000 |

2733611v1